### Honora Dee v. Dennis McCarthy.

1. VERDICTS—*Contrary to the Evidence.*—While a court of appeal will always hesitate to reverse a judgment for the sole reason that the verdict is con trary to the evidence, it will feel constrained to do so where it is apparent that the jury misconceived the testimony or were actuated by passion or prejudice.

**Trespass on the Case,** for damage to land. Appeal from the Circuit C urt of McLean County; the Hon. ALFRED SAMPLE, Judge, presiding. H ard in this court at the May term, 1897. Reversed and remanded. Opinion filed December 2, 1897.

A. E. DeMANGE, attorney for appellant.

ROWELL, NEVILLE & LINDLEY, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an action on the case by appellee to recover damages for disconnecting his line of tile drain from appel-

lant's at a point within appellant's land whereby it was claimed appellee's land was rendered unfit for raising crops.

Appellant is the owner of 160 acres of land lying immediately northwest of an eighty acre tract owned by appellee. One J. M. Vincent owns a large tract immediately east of appellee's. Vincent had a ten-inch tile drain running across his land with its outlet within a few feet of appellee's line. The water from it flooded the southwest corner of Vincent's and the southeast corner of appellee's land. Both desired an outlet not only for the water discharged from that tile but for other about to be laid through appellee's land. Accordingly on the 5th of July, 1895, a contract was entered into between appellee and appellant whereby a tile drain connecting with Vincent's and running through appellee's land might connect with a fifteen-inch tile drain on appellant's land, some fifty-seven rods north of the southeast corner of her land. Under the terms of the contract appellee was to furnish the tile and put it in, after which all that was laid in appellant's land should become her property. At the point of connection with Vincent it was to be laid two and one-half feet in the ground or at a depth equal to that of Vincent's. It was further agreed that he would not allow any one to connect with his drain without her consent in writing.

Subsequently, without obtaining the consent of appellant, appellee allowed one McGrath to connect with his drain. It is also claimed that in constructing his drain there were points where he did not lay it deep enough to afford Vincent an adequate outlet. At all events, either because of defective construction, or because the capacity of the drain was overtaxed, Vincent did not get the outlet contemplated by the contract and an existing agreement between Vincent and appellant whereby he was to pay her $150 for the privilege of connecting with appellee's drain.

When appellant discovered that appellee had laid his drain through McGrath's land and allowed him to connect she demanded a settlement, and also made complaint that the drain was not so constructed as to give Vincent an out-

let.   He refused to settle or make any changes in the drain, claiming that it was laid lower than Vincent's.   Thereupon she removed a portion of the tile on her own land which had the effect to cut off appellee's drainage and back up the water so as to overflow his land and destroy his crop.   The leading question in the case was whether appellee's drain was laid sufficiently low to afford Vincent an outlet.   If it was, the verdict in favor of appellee should stand.   If not, and appellee refused to rectify it, appellant had the right to disconnect and no judgment for damages by reason of the overflowing of appellee's land could be rightfully rendered against her.

While there was some conflict in the testimony it clearly appears that there were points in the course of appellee's drain near its connection with Vincent's where the tile was not laid so low as that of Vincent.   While we always hesitate to reverse a judgment for the sole reason that the verdict is against the evidence, we feel constrained to do so where it is apparent that the jury misconceived the testimony or were actuated by passion or prejudice.   In this case we feel that great injustice has been done appellant. The verdict should have been for her.

The judgment will be reversed and the cause remanded.